**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4810

FLETCHER EDWARD BANKS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-97-138-A)

Submitted: May 26, 1998

Decided: August 28, 1998

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Matthew Alan Wartel, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Thomas M. Hollenhorst, Assistant
United States Attorney, Thomas E. Booth, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Fletcher Edward Banks appeals his criminal conviction for possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

Banks pled guilty to the above offense, reserving the right to appeal the district court's denial of motions to dismiss the indictment and to suppress evidence. According to police testimony at the suppression hearing, Banks was driving south on Interstate 95 in the morning hours of June 6, 1996. He was traveling approximately five to seven miles slower than the posted speed limit in the center of three lanes of traffic. A Virginia police officer was about to pass Banks' vehicle when he noticed the car, bearing North Carolina tags, weave to the right, then back to the left in a jerking motion.

The officer then decided to follow Banks. Other vehicles were passing Banks on both sides, and the officer observed that Banks' car continued to weave within the center lane, coming close to entering the right lane, then jerking left again. The officer, a twenty-year veteran with the force, also noticed that Banks was slumped over to the right in his seat as if adjusting the radio. Based upon his experience, the officer believed that Banks might be either intoxicated or fatigued. He thus decided to stop Banks.

The officer ordered Banks to exit the vehicle and asked for his license. Banks provided his license and a rental agreement for the car he was driving. In response to the officer's inquiries regarding possible fatigue, Banks stated that he had worked a shift at a fast food restaurant where he was employed the previous day, rented a car that afternoon, driven to New York City, spent a few hours visiting a friend, and was now returning home. The officer then started to perform a field sobriety test, but quickly determined that Banks was not intoxicated.

These facts prompted the officer to ask if Banks was transporting any illegal contraband. Banks responded in the negative, but looked

2

away from the officer, focusing on the car, and began to tremble slightly. The officer repeated his question, and this time Banks admitted that he was carrying drugs in an overnight bag on the floor behind the passenger seat. Based upon this admission, the officer searched the car and retrieved 339 grams of cocaine from the bag.

Banks moved to suppress this evidence and to dismiss the indictment, alleging that the initial stop was not supported by probable cause and that the officer improperly extended the duration and scope of the stop. The district court denied his motion, finding the initial stop valid and determining that facts ascertained during the legitimate scope of the stop justified further inquiry.

Investigative traffic stops are reasonable under the Fourth Amendment when there is probable cause to believe that a traffic violation has occurred. See Whren v. United States, 517 U.S. 806, 810 (1996). We agree with the district court's determination that this standard was met. The officer testified that Banks was driving five to seven miles per hour below the posted speed limit and that he was weaving and jerking within his lane of traffic. While Banks cites cases which hold that an individual's "failure to follow a perfect vector down a highway" is an insufficient basis to support a traffic stop, United States v. Lyons, 7 F.3d 973, 976 (10th Cir. 1996), we note that the officer testified that Banks repeatedly drifted towards the right, coming close to crossing into the right lane, and then suddenly jerked back to the left. We agree with the Government that this repeated pattern is indicative of a motorist reacting to a temporary loss of consciousness and attempting to regain control of the vehicle. Therefore we agree with the district court's finding that the initial stop was valid.

Banks next contends that the officer's subsequent investigation exceeded the scope of the stop. Specifically, he asserts that the officer's repeated questions regarding the presence of contraband were impermissible and that the drugs discovered as a result of Banks' confession should have been suppressed.

The law is clear that during a routine traffic stop an officer may not hold a driver for further questioning unless other grounds to do so are present, such as consent or reasonable suspicion of criminal activity. See United States v. Rusher, 966 F.2d 868, 876-77 (4th Cir. 1992).

3

Considering the totality of the circumstances surrounding the traffic stop, United States v. Cortez, 449 U.S. 411, 417 (1981), we agree with the district court's determination that the officer had accumulated sufficient reasonable suspicion to warrant further investigation.

Specifically, Banks was returning to Virginia from a source city. He was driving a rental car, which the officer explained is often used in drug transportation to avoid forfeiture of the conveyance. Further, Banks' explanation of his trip strained credulity. He asserted that after working a shift at a fast-food restaurant the day before, he rented a car and drove from Charlottesville to New York. He claimed that he spent a few hours* with a friend in New York and then began his return trip home. The officer also testified that although cooperative, Banks appeared nervous and "in a hurry to be on his way."

Although these facts individually may depict innocent activity, we conclude that considered together, they were sufficient to provide the officer with reasonable suspicion to conduct further inquiry. See United States v. Sokolow, 490 U.S. 1, 9-10 (1989) (holding that innocent factors considered together can amount to reasonable suspicion).

We thus conclude that the officer's questions regarding the presence of drugs were appropriate and that the district court properly denied Banks' motion to suppress. Accordingly, we affirm Banks' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
AFFIRMED

_____

*At one point the officer testified that Banks used the phrase "a few hours," at another point he testified that Banks had said for a couple of hours. We agree with the district court that this is not a significant difference.

4